Steven T. Knuppel. SBN 164710
LAW OFFICES OF STEVEN T. KNUPPEL
178 E. Prospect Avenue
Danville, California 94526
Telephone (925) 495-0300
Email: sknuppellaw@gmail.com

Attorney for Defendants
Crema Coffee Company LLC, and
Ali Farhang

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO RIVERA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CREMA COFFEE COMPANY LLC dba<br>CREMA COFFEE ROASTING COMPANY,<br>et al.,<br><br>　　　　Defendants. | No. 5:18-cv-01531-VKD<br><br>**DEFENDANTS CREMA COFFEE COMPANY LLC AND ALI FARHANG'S ANSWER TO FIRST AMENDED COMPLAINT** |

Defendants, Crema Coffee Company LLC dba Crema Coffee Roasting Company, and Ali Farhang (collectively "Defendants", individually "Crema Coffee" and "Farhang," respectively) hereby answer the First Amended Complaint of Plaintiff Armando Rivera ("Plaintiff"), as follows:

## I. SUMMARY

1. Defendants admit that this is a legal action in which Plaintiff has asserted claims of alleged discrimination at Crema Coffee Roasting Company, 950 The Alameda, San Jose, CA 95126.

2. Defendants admit that Plaintiff's complaint seeks damages, injunctive and declaratory relief, attorney fees and costs, against Crema Coffee and Farhang based upon Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. §§12101 et. seq. and related California statutes. Defendants deny the allegations except to the extent specifically admitted.

## II. JURISDICTION

3. Defendants acknowledge that based upon information available at this time, subject matter jurisdiction appears to be appropriate. Defendants reserve the right to assert the lack of subject matter jurisdiction based upon subsequent information that may arise. Defendants deny the allegations except to the extent specifically admitted.

4. Defendants admit that 28 U.S.C. §1367 can provide supplemental jurisdiction assuming there is subject matter jurisdiction. Defendants deny the allegations except to the extent specifically admitted.

5. Defendants admit that 28 U.S.C. §§2201 and 2202 can authorize a declaration of legal rights assuming there is subject matter jurisdiction. Defendants deny the allegations except to the extent specifically admitted.

## III. VENUE

6. Defendants admit the allegations in paragraph 6.

## IV. PARTIES

7. Defendant Crema Coffee admits that it owns and operates the business of a coffee shop at the subject property and leases the subject property. Defendant Farhang admits that he owns the subject property. Defendants deny the allegations except to the extent specifically admitted.

8. Defendants lack information and knowledge necessary to form a belief as to Plaintiff's allegations regarding his disability and on that basis deny the allegations in paragraph 8.

## V. FACTS

9. Defendants admit the allegations in paragraph 9.

10. Defendants deny that Plaintiff lives near the subject property. Defendants lack information and knowledge necessary to form a belief as to Plaintiff's allegations regarding whether and when he visited the subject property and, if so, the circumstances of his visit to the property and on that basis deny these allegations. Defendants admit that there are steps to the entrance of the building at the subject property. The allegations in Paragraph 10 regarding the existence of "barriers" constitute legal conclusions and legal arguments that Defendants are not required to admit or deny. Defendants deny the allegations except to the extent specifically admitted.

11. The allegations in Paragraph 11 regarding the existence of "barriers" constitute legal conclusions and legal arguments that Defendants are not required to admit or deny. Paragraph 11 contains legal conclusions and legal arguments that Defendants are not required to admit or deny. Defendants deny the allegations on Paragraph 11 relating to parking; there is no public parking at the subject property other than street parking, which is not under Defendants' control. Defendants deny they have violated access law related to the entry access because the entry predated the enactment of the relevant laws, Defendants have not altered the premises and any proposed remedy imposes an undue burden on Defendants, is not readily achievable and is disproportionate to any alleged alterations made by Defendants. Defendants have provided equivalent facilitation. Defendants deny any violation of disability access laws.

12. Defendants deny that Plaintiff was deterred from visiting Crema Coffee's business or that Crema Coffee's goods, services, facilities, privileges, advantages and accommodations were or are unavailable to Plaintiff due to physical disabilities. Defendants deny that in the past Plaintiff has enjoyed the goods and services offered at Crema Coffee. Defendants deny that Plaintiff has a good faith intent to return to the facility. Defendants deny the allegations except to the extent specifically admitted.

13. Defendants do not know what is meant by "these elements and areas of the Facility" and therefore lack information and knowledge necessary to form a belief as to these allegations and on that basis deny these allegations. Defendants deny that they have violated the law or interfered with access or denied access to the physically disabled in a manner that violates the law. Defendants deny that they have the financial resources to remove the alleged barriers "without much difficulty or expense." Defendants deny that they "refuse" to remove alleged barriers. Defendants have not yet completed their investigation of the history of the property and therefore lack sufficient information to respond to the balance of the allegations and on that basis deny them. Defendants deny the allegations except to the extent specifically admitted.

14. The allegations in Paragraph 14 contain legal conclusions and legal arguments that Defendants are not required to admit or deny. The allegations in Paragraph 14 are also vague and ambiguous as to what alleged impediments or accessibility standards are referenced. Defendant Farhang admits that he has owned the property since approximately 2000. Defendant Crema Coffee admits that it has leased and possessed the property since 2006. Defendants admit that the steps have not been modified during their respective periods of possession and/or control. Defendants deny that they "have intentionally maintained the Facility in its current condition and have intentionally refrained from altering the Facility so that it complies with the accessibility standards." Defendants lack the resource to undertake major renovations and modification of the steps is not readily achievable. Defendant Crema Coffee has provided substantially equivalent access to its good and services. Defendants deny the allegations except to the extent specifically admitted.

15. Defendants admit that the property is not in the midst of a remodel. Defendants deny that they refused to adhere to relevant building standards, disregarded the building plans and permits issued for the property, made a "conscientious [sic] decision to maintain the architectural layout" or made a "decision not to remove barriers" from the property. This

paragraph contains legal conclusions and legal arguments that Defendants are not required to admit or deny. To the extent a response is deemed necessary, Defendants deny the allegations in the paragraph not specifically admitted.

## VI. FIRST CLAIM

16. Defendants re-plead and incorporate by reference the allegations contained in each of the foregoing paragraphs and incorporates them herein as if set forth separately herein.

17. This paragraph contains legal conclusions and legal arguments that Defendants are not required to admit or deny. To the extent a response is deemed necessary, Defendants deny the allegations in the paragraph not specifically admitted.

18. Defendants deny that they discriminated against Plaintiff or that Plaintiff was denied full and equal enjoyment of the goods, services, facilities, privileges and accommodations of Crema Coffee.

19. This paragraph contains legal conclusions and legal arguments that Defendants are not required to admit or deny. To the extent a response is deemed necessary, Defendants deny the allegations in the paragraph not specifically admitted.

20. This paragraph contains legal conclusions and legal arguments that Defendants are not required to admit or deny. To the extent a response is deemed necessary, Defendants deny the allegations in the paragraph not specifically admitted.

21. Defendants deny the allegations in this paragraph.

22. Defendants deny the allegations in this paragraph.

23. Defendants deny the allegations in this paragraph.

24. This paragraph contains legal conclusions and legal arguments that Defendants are not required to admit or deny. To the extent a response is deemed necessary, Defendants deny the allegations in the paragraph not specifically admitted.

25. Defendants deny the allegations in this paragraph.

26. It is vague and ambiguous what Plaintiff means by "modified". As Defendants

reasonably understand the allegation, Defendants deny the allegations in this paragraph.

27. This paragraph contains legal conclusions and legal arguments that Defendants are not required to admit or deny. To the extent a response is deemed necessary, Defendants deny the allegations in the paragraph not specifically admitted.

28. Defendants deny the allegations in this paragraph.

29. This paragraph contains legal conclusions and legal arguments that Defendants are not required to admit or deny. To the extent a response is deemed necessary, Defendants deny the allegations in the paragraph not specifically admitted.

30. Defendants deny the allegations in this paragraph.

31. The allegations in this paragraph are vague and ambiguous as to what features are being referred to and in what manner they allegedly were not in operable working condition, and therefore Defendants lack information and knowledge necessary to form a belief as to these allegations and on that basis denies the allegations.

32. The allegations in this paragraph are vague and ambiguous as to what is meant by "such failure", and therefore Defendants lack information and knowledge necessary to form a belief as to these allegations and on that basis denies the allegations. Defendants deny that they failed to maintain and operate the premises in a manner that did not discriminate against the disabled.

33. Defendants deny that Plaintiff is entitled to the relief sought.

### VII.  SECOND CLAIM

34. Defendants re-plead and incorporate by reference the allegations contained in each of the foregoing paragraphs and incorporates them herein as if set forth separately herein.

35. This paragraph contains legal conclusions and legal arguments that Defendants are not required to admit or deny. To the extent a response is deemed necessary, Defendants deny the allegations in the paragraph not specifically admitted.

36. This paragraph contains legal conclusions and legal arguments that Defendants

are not required to admit or deny. To the extent a response is deemed necessary, Defendants deny the allegations in the paragraph not specifically admitted.

37. This paragraph contains legal conclusions and legal arguments that Defendants are not required to admit or deny. To the extent a response is deemed necessary, Defendants deny the allegations in the paragraph not specifically admitted.

38. The allegations in this paragraph are vague and ambiguous as to what is meant by "aforementioned acts and omissions", and therefore Defendants lack information and knowledge necessary to form a belief as to these allegations and on that basis denies the allegations. Defendants deny that they have "denied the physically disabled public-including Plaintiff-full and equal accommodations, advantages, facilities, privileges and services in a business in a business establishment (because of their physical disability)."

39. The allegations in this paragraph are vague and ambiguous as to what is meant by "these acts and omissions (including the ones that [allegedly] violate the ADA)" or what is meant by reference to "violating the Unruh Act", and therefore Defendants lack information and knowledge necessary to form a belief as to these allegations and on that basis denies the allegations. Defendants deny that they "denied, aid or incited a denial, or discriminated against Plaintiff by violating the Unruh Act."

40. Defendants deny the allegations in this paragraph.

41. Defendants deny that Plaintiff is entitled to the relief sought.

## VIII. THIRD CLAIM

42. Defendants re-plead and incorporate by reference the allegations contained in each of the foregoing paragraphs and incorporates them herein as if set forth separately herein.

43. This paragraph contains legal conclusions and legal arguments that Defendants are not required to admit or deny. To the extent a response is deemed necessary, Defendants deny the allegations in the paragraph not specifically admitted.

44. This paragraph contains legal conclusions and legal arguments that Defendants

are not required to admit or deny.  To the extent a response is deemed necessary, Defendants deny the allegations in the paragraph not specifically admitted.

    45.    The allegations in this paragraph are vague and ambiguous as to what statutory provisions are being referred to or which alleged alterations or repairs are referred to. Therefore, Defendants lack information and knowledge necessary to form a belief as to these allegations and on that basis denies the allegations.  Defendants deny that they have violated any

    46.    The allegations in this paragraph are vague and ambiguous as to what by "non-compliance with these requirements" and therefore Defendants lack information and knowledge necessary to form a belief as to these allegations and on that basis denies the allegations.  Defendants deny that they have failed to comply with disability access laws or that Plaintiff is aggrieved by their alleged non-compliance. Defendants deny that Plaintiff is entitled to the relief sought.

## AFFIRMATIVE DEFENSES TO ALL CAUSES OF ACTION

## FIRST AFFIRMATIVE DEFENSE

### (Equivalent Facilitation)

    1.    Defendants allege, at all times relevant to the First Amended Complaint, that equivalent facilitations were made available to Plaintiff, as well as other similarly situated disabled individuals, which provide full and equal access to the goods and services of Crema Coffee.  Defendants' business does not violate any law, code, regulation, guideline or provision, and its goods and services normally sought and used by the public are accessible to and useable by persons with disabilities.

## SECOND AFFIRMATIVE DEFENSE

### (Defendant's Good Faith Reliance Upon Municipal Permits/Vested Rights)

    2.    Defendants allege, at all times relevant to the First Amended Complaint, Defendants have acted on good faith interpretations of disabled access laws and provisions and

approvals and building permits issued by governmental agencies regarding disabled access elements of the Subject Property, which preclude or limit any recovery by Plaintiff based on the allegations of the Complaint.

### THIRD AFFIRMATIVE DEFENSE

(Legitimate Business Purpose)

3. Defendants allege Plaintiff's recovery in this action is barred because Defendants' acts or omissions, as alleged in the First Amended Complaint, to the extent Defendants committed any acts or omissions at all, were done in good faith reliance on validly issued building permits, and a properly issued Certificate of Occupancy, pursuant to reasonable business justifications and do not constitute acts or omissions resulting in any discrimination against disabled persons or anyone else.

### FOURTH AFFIRMATIVE DEFENSE

(Not Readily Or Likely Achievable)

4. Defendants allege that the alterations that would be necessitated by Plaintiff' contentions are not readily achievable or technically feasible.

### FIFTH AFFIRMATIVE DEFENSE

(Lack Of Standing For Injunctive Relief)

5. Defendants allege that Plaintiff lacks standing to seek injunctive relief regarding alleged barriers that are unrelated to and do not impact Plaintiff's alleged disability, to the extent Plaintiff suffered any injury in fact. Also, Plaintiff had not previously visited the subject location and does not have a good faith intent to return to the subject location. Plaintiff is a serial ADA litigant who has no legitimate interest in visiting the Subject Property for any purpose other than filing litigation and accruing purported damages and has no genuine intent

to return to the Subject Property at any specific future date and, therefore, Plaintiff lacks standing to seek injunctive relief.

### SIXTH AFFIRMATIVE DEFENSE

**(Standing-No Injury In Fact)**

6. Defendants allege Plaintiff lacks standing because Plaintiff failed to suffer any injury in fact, and that Plaintiff failed to suffer an actual or imminent injury as required by applicable law.

### SEVENTH AFFIRMATIVE DEFENSE

**(Failure To Mitigate Damages)**

7. Although Defendants deny Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then Defendants allege, based on information and belief, that Plaintiff has failed to mitigate purported damages and further alleges, to the extent to which any damages could have been mitigated, such sums should be deducted from any award of damages. Cal. Civ. Code §§ 55.3, *et seq.; Moralez v. Whole Foods Market, Inc.*, *et. al.*, 2013 WL 3967639 (N.D.Cal.).

### EIGHTH AFFIRMATIVE DEFENSE

**(Failure To State a Cause of Action)**

8. Plaintiff's First Amended Complaint fails to state a cause of action because Plaintiff allegations fail to articulate a plausible proposal for barrier removal, the costs of which, do not clearly exceed its benefits.

### NINTH AFFIRMATIVE DEFENSE

(Undue Burden)

Defendants allege that the alterations that would be necessitated by Plaintiff' contentions would impose an undue burden on Defendants.

## TENTH AFFIRMATIVE DEFENSE

(Disproportionate Alterations)

If Defendants were deemed to have performed alterations on the subject property, which is denied, the alterations that Plaintiff would compel Defendants to perform are disproportionate to the overall alterations in cost and scope and, therefore, are not required by the law.

Defendants expressly reserve the right to assert additional affirmative defenses as necessary.

WHEREFORE, Defendants pray:

1. That Plaintiff's First Amended Complaint be dismissed;
2. That Plaintiff take nothing by reason thereof;
3. That judgment be entered in favor of Defendants;
4. That Defendants be awarded their attorneys' fees and costs of suit; and
5. For such other and further relief as the Court deems just and proper.

Dated: 4/29/2019

                                                       */s/ Steven T. Knuppel*
                                                      Steven Knuppel
                                                      Attorney for Defendants,
                                                      Crema Coffee Company LLC dba Crema Coffee Roasting Company, and Ali Farhang