UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARMANDO RIVERA,<br><br>  Plaintiff,<br><br>  v.<br><br>CREMA COFFEE COMPANY LLC, et al.,<br><br>  Defendants. | Case No. 18-cv-01531-VKD<br><br>**ORDER RE DISCOVERY DISPUTE RE RE-INSPECTION OF PREMISES**<br><br>Re: Dkt. No. 45 |

The parties ask the Court to resolve their dispute regarding whether plaintiff Armando Rivera's expert should be permitted to re-inspect the Crema Coffee Roasting Company store that is the subject of this action, even though fact discovery has closed. Dkt. No. 45. Mr. Rivera says that he did not learn until after the close of fact discovery that defendants had taken steps to remediate some of the alleged barriers after Mr. Rivera's expert's initial inspection. *Id.* at 2. He says that defendants had an affirmative obligation to disclose this remediation but did not, and that permitting re-inspection at this point will not prejudice defendants and may moot some of Mr. Rivera's claims for injunctive relief. *Id.* at 2–3. Defendants respond that Mr. Rivera was not diligent in investigating whether remediation had occurred, in particular because Mr. Rivera delayed taking discovery until the very end of the fact discovery period, and that Mr. Rivera does not have good cause for a re-inspection. *Id.* at 4–5.

Although defendants do not expressly state that they intend to rely on evidence of the remediation of certain barriers for purposes of summary judgment or trial, the Court infers from their opposition to excluding evidence of remediation that they do intend to rely on this evidence. *See* Dkt. No. 45 at 5. In that case, evidence of remediation, whether in the form of information possessed by a witness or in the form of tangible evidence, is subject to affirmative disclosure

under Rule 26(a)(1)(A) as evidence supporting a defense, and also subject to the supplementation requirement of Rule 26(e)(1). The Court understands defendants' frustration with Mr. Rivera's belated request for further inspection, but as defendants cite no actual prejudice that they will suffer from permitting Mr. Rivera's expert to verify that remediation has occurred (potentially eliminating some portion of Mr. Rivera's claim for injunctive relief), the Court is puzzled by defendants' opposition.

Having considered the arguments of the parties, the Court concludes there is good cause to permit Mr. Rivera's expert to conduct a further inspection of the store that is the subject of this action. The inspection will be limited to the alleged violations stated in the amended complaint (Dkt. No. 41) and will be further limited to any changes to the store made after the expert's prior inspection and that relate to those alleged violations. Counsel shall confer promptly to ensure that the further inspection is conducted at the earliest opportunity convenient to defendants. Mr. Rivera's counsel may accompany the expert on the inspection. If Mr. Rivera's expert anticipates offering expert testimony about the alleged violations based on his further inspection of the store, he must serve a supplemental expert report on defendants no later than seven days following completion of the further inspection.[1] If defendants wish, they may seek leave of Court to serve a rebuttal to such supplemental expert report.

**IT IS SO ORDERED.**

Dated: October 22, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[1] If the supplemental expert report covers matters that defendants contend should have been included in the initial expert report, defendants may object to proposed expert testimony on that ground by filing a pretrial motion *in limine*.