UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARMANDO RIVERA,<br><br>          Plaintiffs,<br><br>     v.<br><br>CREMA COFFEE COMPANY LLC dba CREMA COFFEE ROASTING COMPANY, et al.,<br><br>          Defendants. | No. 5:18-cv-01531-VKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>Re: Dkt. No. 57 |

Plaintiff Armando Rivera moves for attorney's fees and litigation costs under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12205, and the California Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 52(a). Dkt. No. 57. Defendants Crema Coffee Company LLC d/b/a Crema Coffee Roasting Company and Ali Farhang oppose. Dkt. No. 10. The Court finds it appropriate to resolve the motion without oral argument. Civ. L.R. 7-1(b). Having considered the parties' submissions, the Court grants in part and denies in part Mr. Rivera's motion for attorney's fees and costs.

## I.   BACKGROUND

Mr. Rivera filed this action on March 9, 2018 alleging that he encountered accessibility barriers at a coffeehouse that violated Title III of the ADA, the Unruh Act, and the California Health and Safety Code. Dkt. No. 1. On March 4, 2020, the Court granted in part and denied in part Mr. Rivera's summary judgment motion. Dkt. No. 53. The Court dismissed the ADA claim as moot because the coffeehouse at issue had permanently ceased operations. *Id.* at 5–6. The Court exercised supplemental jurisdiction over the Unruh Act claim and granted summary

1  judgment for Mr. Rivera on that claim. *Id.* at 10. Mr. Rivera dismissed his remaining claim under
2  the California Health and Safety Code. Dkt. No. 54. Thereafter, the Court entered judgment in
3  Mr. Rivera's favor on March 4, 2020. Dkt. No. 56.

4  **II.   LEGAL STANDARD**

5  Because the Court dismissed Mr. Rivera's ADA claim as moot, he is not eligible to recover
6  fees or costs under the ADA. 42 U.S.C. § 12205 (providing that a district court, "in its discretion,
7  may allow the *prevailing* party . . . a reasonable attorney's fee, including litigation expenses, and
8  costs") (emphasis added). However, under the Unruh Act, a prevailing party may recover "any
9  attorney's fees that may be determined by the court." Cal. Civ. Code § 52(a). A party who
10 succeeds with respect to any significant issue in the litigation, achieving some of the benefit the
11 party sought, is a prevailing party. *Maria P. v. Riles*, 43 Cal. 3d 1281, 1292 (1987) (quoting
12 *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)); *see also Jankey v. Poop Deck*, 537 F.3d 1122,
13 1129–30 (9th Cir. 2008) (stating that a prevailing party is one who "achieve[s] a material
14 alteration of the legal relationship of the parties" that is "judicially sanctioned") (internal quotation
15 marks omitted). Because Mr. Rivera prevailed on his Unruh Act claim, he may recover fees under
16 that statute. The Court applies California state law governing the award of attorney's fees. *See*
17 *Klein v. City of Laguna Beach*, 810 F.3d 693, 701 (9th Cir. 2016) ("[F]ederal courts apply state
18 law for attorney's fees to state claims because of the *Erie* doctrine."); *see also Johnson v. Hey*
19 *Now Props. LLC*, No. 2:16-cv-02931 WBS KJN, 2019 WL 586753, at *1 (E.D. Cal. Feb. 13,
20 2019).

21 Under California law, the court calculates the reasonable amount of attorney's fees by
22 starting with the lodestar: "the number of hours reasonably expended on the litigation multiplied
23 by a reasonable hourly rate." *PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000). The lodestar
24 is the presumptive method under all fee-shifting statutes. *See Ketchum v. Moses*, 24 Cal. 4th 1122,
25 1135 (2001). The court may adjust the lodestar figure "based on consideration of factors specific
26 to the case, in order to fix the fee at the fair market value for the legal services provided." *PLCM*
27 *Grp.*, 22 Cal. 4th at 1095. These factors include "the nature of the litigation, its difficulty, the
28 amount involved, the skill required in its handling, the skill employed, the attention given, the

success or failure, and other circumstances in the case." *Id.* at 1096.

With respect to litigation costs and expenses, "unlike the ADA, the [] Unruh Act do[es] not provide for out-of-pocket litigation expenses." *Rodriguez v. Barrita, Inc.*, 53 F. Supp. 3d 1268, 1294 (N.D. Cal. 2014); *see also Johnson v. Baird Lands, Inc.*, No. 18-cv-05365-VKD, 2020 WL 3833278, at *9 (N.D. Cal. July 8, 2020); *Johnson v. Cala Stevens Creek/Monroe, LLC*, No. 17-CV-04574-LHK, 2020 WL 2556989, at *11 (N.D. Cal. May 20, 2020); *Hey Now Props.*, 2019 WL 586753, at *4 ("Unlike the ADA, the Unruh Act contains no mention of litigation expenses as allowable costs."); Cal. Civ. Code § 52(a) (failing to mention out-of-pocket litigation expenses). Because the Unruh Act is silent as to costs, federal law applies. *Hey Now Props.*, 2019 WL 586753, at *4; *see also Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003) ("An award of standard costs in federal district court is normally governed by Federal Rule of Civil Procedure 54(d), even in diversity cases.").

## III.   DISCUSSION

### A.   Attorney's Fees

Mr. Rivera seeks an award of attorney's fees and costs in the amount of $88,970.69 for work performed through the date of filing of his motion for fees. Dkt. No. 57 at 22. Of that $88,970.69, Mr. Rivera requests $76,230.00 in fees for 199.2 hours worked and $12,740.69 in costs and expenses. *Id.* at 16, 22–23. Mr. Rivera seeks an additional award of $4,932.50 in fees for 12.3 hours spent preparing the reply brief in support of his motion for fees. Dkt. No. 61 at 9; Dkt. No. 61-1 ¶ 3; Dkt. No. 61-3 ¶ 2. In total, Mr. Rivera seeks $93,903.19 in fees and costs, $12,940.00 of which is attributable to the fees motion briefing. Dkt. No. 57 at 16; Dkt. No. 61 at 9.

The Unruh Act provides for an award of fees "as may be determined by the court." Cal. Civ. Code §§ 52(b)(3), 52.1(c). The party seeking an award of fees has the burden to demonstrate that the fees claimed are reasonable. *Center for Biological Diversity v. Cty. of San Bernardino*, 188 Cal. App. 4th 603, 615 (2010).

#### 1.   Reasonable hourly rates

The reasonable hourly rate is the prevailing rate in the community for similar work.

3

*PLCM Grp.*, 22 Cal. 4th at 1095; *see also Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986), *reh'g denied, amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987) ("In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.") (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).  The relevant community is the forum district.  *Heritage Pac. Fin., LLC v. Monroy*, 215 Cal. App. 4th 972, 1009 (2013) (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992)); *see also Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997) ("Generally, the relevant community is the forum in which the district court sits.").  The fee applicant has the burden of producing evidence that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation, including "(1) evidence, documentary and oral, of the services actually performed; and (2) expert opinion, by [the applicant] and other lawyers, as to what would be a reasonable fee for such services."  *Martino v. Denevi*, 182 Cal. App. 3d 553, 558 (1986) (citing 1 Witkin, Cal. Procedure (3d ed. 1985) § 165, p. 192; *Hensley*, 461 U.S. at 433, 437); *Heritage Pac. Fin.*, 215 Cal. App. 4th 972 at 1009 ("The rates of comparable attorneys in the forum district are usually used."); *see also Blum*, 465 U.S. at 896 n.11; *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ("Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations, in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate.").

Mr. Rivera requests fees based on the hourly rates of two attorneys and four paralegals.  The attorneys are: Tanya Moore ($475/hour) and Zachary Best ($495/hour).  The paralegals are: Marejka Sacks ($175/hour), Isaac Medrano ($175/hour), Whitney Law ($150/hour), and David Guthrie ($120/hour).  To support the reasonableness of the identified hourly rates, Mr. Rivera relies on the declarations of Ms. Moore, Ms. Law, and Mr. Medrano.  Dkt. Nos. 57-1, 57-3, 57-4.  The declarations include descriptions of each timekeeper's qualifications and experience, as well as billing records for work performed in this case.

Ms. Moore says that she has been practicing law for over 18 years and has specialized in

disability access litigation for over 10 years. Dkt. No. 57-1 ¶¶ 4-7. According to Ms. Moore, Mr. Best has been practicing law for over 25 years and has specialized in disability access litigation for at least 13 years. *Id*. ¶ 11. Ms. Sacks has over 13 years of paralegal experience, including over eight years on disability access matters. *Id*. ¶ 12. Mr. Guthrie has at least six years of paralegal experience. *Id.* ¶ 13. Mr. Medrano says that he has over 10 years of paralegal experience, including five years specializing in disability access litigation. Dkt. No. 57-3 ¶ 2. Ms. Law says that she has over 10 years of paralegal experience, including seven years specializing in disability access litigation. Dkt. No. 57-4 ¶ 2.

Defendants do not challenge the reasonableness of Mr. Rivera's counsel's rates. *See* Dkt. No. 60. Recent decisions from other courts in this District confirm that the requested rates are in line with fees awarded to other attorneys and paralegals with comparable or greater experience. *See, e.g.*, *Hernandez v. Mai*, No. 5:19-cv-03029-VKD, Dkt. No. 22 (N.D. Cal. Feb. 3, 2020) (awarding Ms. Moore $475/hour and Ms. Law $175/hour), *adopted in full by Hernandez v. Mai*, 5:19-cv-03029-EJD, Dkt. No. 27 (N.D. Cal. Feb. 27, 2020); *Dytch v. Maxaco, LLC*, No. 17-CV-00438-SI, 2019 WL 1934879, at *2 (N.D. Cal. May 1, 2019) (approving $475/hour for Ms. Moore, $495 for Mr. Best, $175/hour for Ms. Sacks, $150/hour for Ms. Law, and $120/hour for Mr. Guthrie); *Johnson v. Oakwood Center LLC*, No. 19-cv-01582-VKD, 2019 WL 7209040, at *12 (N.D. Cal. Dec. 27, 2019) (approving $475 rate for attorneys with approximately 20 to 25 years of litigation experience), *adopted in full by Johnson v. Oakwood Ctr. LLC*, No. 19-cv-01582-EJD, Dkt. No. 35 (N.D. Cal. Feb. 12, 2020); *Johnson v. Rocklin of California LLC,* No. 18-CV-06836-VKD, 2019 WL 3854308, at *11 (N.D. Cal. Aug. 16, 2019) (same), *adopted in full by Johnson v. Rocklin of Cal. LLC*, No. 18-cv-06836-EJD, Dkt. No. 27 (N.D. Cal. Sept. 6, 2019).

Accordingly, the Court finds Mr. Rivera's requested rates to be reasonable.

### 2.  Hours reasonably expended

Mr. Rivera submits a billing statement reflecting that his counsel billed 257.6 hours to this matter, including time spent preparing the fees motion. Dkt. No. 57-2, Ex. A at 28. But his fees motion states that his counsel billed only 244.3 hours, from which Mr. Rivera further subtracts 44.9 hours from Ms. Moore's time and 0.2 hours from Mr. Best's time for a claimed total of 199.2

5

hours. Mr. Rivera does not explain this discrepancy. Dkt. No. 57 at 11–16. He requests an additional 9.5 hours for Ms. Moore and 2.8 hours for Ms. Law for time spent on the reply brief in support of attorney's fees, for a claimed total of 211.5 hours. Dkt. No. 61 at 9; Dkt. No. 61-1 ¶ 3; Dkt. No. 61-3 ¶ 2.

Defendants argue that the hours Mr. Rivera's counsel expended are not reasonable because counsel overbilled for simple tasks and caused unnecessary delays by not suggesting an alternative resolution earlier in the case, resulting in needlessly protracted litigation and unnecessary costs. Dkt. No. 60 at 6–9. The Court addresses each argument in turn.

### a. Specific billing entries

First, defendants contend that plaintiff's counsel spent an unreasonable amount of time drafting pleadings and briefs. Dkt. No. 60 at 8. Specifically, defendants argue that billing over 2.5 hours for drafting the complaint[1] and 27.2 hours for drafting the fees motion was unreasonable, given that these are documents common to all ADA litigation and experienced ADA counsel should have templates prepared to increase efficiency. *Id.* Defendants ask the Court to reduce the hours for the fees motion by at least 3 hours for a reduction of $3,800 and the fees for the complaint to $480. *Id.*

Mr. Rivera seeks fees for a total of 7.3 hours for preparing and filing the original complaint, serving process, and reviewing defendants' answer. Dkt. No. 57 at 11–12. An examination of Mr. Rivera's billing statement shows that an individual named Bradley Urso[2] spent 0.4 hours drafting the complaint, Ms. Law spent 0.4 hours reviewing and revising the draft complaint, and Ms. Moore spent 1.7 hours revising the complaint, for a total of 2.5 hours. Dkt. No. 57-2, Ex. A at 1–2. Defendants assert that "[t]he drafting of the form complaint should be a paralegal task with Plaintiff's counsel providing a minimal review"—and it appears that that is precisely what occurred here. Dkt. No. 60 at 8. Defendants' criticism concerning the drafting of

---

[1] Defendants do not specify which complaint they believe should only have taken only 2.5 hours. The Court presumes defendants take issue with the original complaint (Dkt. No. 1).

[2] Mr. Urso's billing rate is listed as $150 per hour, from which the Court infers he is a paralegal. Dkt. No. 57-2 at 1.

6

the complaint are thus not well-founded. *See, e.g.*, *Baird Lands*, 2020 WL 3833278, at *6 (finding 5.2 hours was not an unreasonable amount of time for conducting fact research, evaluating case strategy, drafting complaint, and ensuring that plaintiff complied with his Rule 11 obligations); *Hernandez v. Yen*, No. 5:13-CV-01830-RMW, 2015 WL 5185669, at *4 (N.D. Cal. Sept. 4, 2015) (upholding plaintiff's request for 8.9 hours spent on preparation and service of complaint).

With respect to the fees motion, Ms. Moore billed 11.7 hours, Ms. Law billed 16.1 hours, and Mr. Medrano billed 0.2 preparing the fees motion and its accompanying documents, for a total of 28 hours. Dkt. No. 57 at 16. Ms. Moore spent an additional 9.5 hours and Ms. Law 2.8 hours preparing the reply brief and accompanying declarations, for a total of 12.3 hours. Dkt. No. 61 at 9; Dkt. No. 61-1 ¶ 3; Dkt. No. 61-3 ¶ 2. Altogether, Mr. Rivera's counsel spent 40.3 hours on his fees request.

Ms. Moore specializes in disability representation and advises that she has prosecuted over 1,500 civil rights actions. Dkt. No. 57-1 ¶ 4. Fees motions are common in ADA litigation in this District, and the Court would expect counsel as experienced as Ms. Moore to have templates prepared that would reduce the amount of time needed to draft such motions. *See, e.g.*, *Cala Stevens Creek*, 2020 WL 2556989, at *7 ("With over a thousand ADA cases in the United States District Court for the Northern District of California alone and experience with approximately 5,000 ADA cases in the United States District Courts for the Eastern, Northern, and Central Districts of California, the Court would expect significant efficiencies as well as templates that Plaintiffs' counsel could use in every case."); *see also Baird Lands*, 2020 WL 3833278, at *8.

A comparison of Mr. Rivera's fees motion here with those his counsel has filed in other cases shows that counsel appears to have re-used relevant work product. *Hernandez v. Spring Charter Inc.*, No. 19-cv-01479-TSH, 2020 WL 1171121, at *5 (N.D. Cal. Mar. 11, 2020) (listing similar fees motions Ms. Moore submitted in other cases); *compare* Dkt. No. 57 at 7–11, 16–22 *with Spring Charter*, No. 19-cv-01479-TSH, Dkt. No. 23 at 8–11, 14–18 (N.D. Cal. Feb. 10, 2020) *and Dytch*, No. 17-CV-00438-SI, Dkt. No. 102 at 12–14, 18–20 (N.D. Cal. Mar. 11, 2019). Ms. Law's declaration is also very similar to her declarations from other cases. *Compare* Dkt. No. 57-4 *with Spring Charter*, No. 19-cv-01479-TSH, Dkt. No. 23-3 (N.D. Cal. Feb. 10, 2020) *and Dytch*,

7

No. 17-CV-00438-SI, Dkt. No. 102-7 (N.D. Cal. Mar. 11, 2019).  Such efficiency is encouraged, and the Court would expect that efficiency to be reflected in fewer hours expended in preparing the briefing on Mr. Rivera's fees motion.

The issues presented in this action were not complex and the fees motion was straightforward, therefore the fees motion should not have required the number of hours claimed. *Trujillo v. Orozco*, No. 5:17-cv-00566-EJD, 2018 WL 1142311, at *5 (N.D. Cal. Mar. 2, 2018) ("This was a short and simple case, which warranted nothing more than a short and simple motion for fees.").  Other courts in this District have found that spending more than 25 hours on a fees motion in such circumstances to be excessive.  *Id.* (finding Ms. Moore's and Mr. Sacks's collective 32.6 hours on fees motion and reply brief to be excessive); *Spring Charter*, 2020 WL 1171121, at *5 (finding that approximately 25 hours on a straightforward request for fees under well-established precedent was not warranted); *Dytch*, 2019 WL 3928752, at *7 (finding 59.8 hours for opening fees motion and 34.8 hours for reply brief to be excessive, and reducing recoverable hours by 60 hours); *Kalani v. Starbucks Corp.*, No. 13-CV-00734-LHK, 2016 WL 379623, at *9 (N.D. Cal. Feb. 1, 2016) (reducing request for 34.3 hours spent preparing fees motion to 17.3 hours, where "[p]laintiff's [m]otion raises no novel points of law and presents a straightforward request for fees under well-established precedent"); *Cruz v. Starbucks Corp.*, No. C-10-01868 JCS, 2013 WL 2447862, at *9 (N.D. Cal. June 5, 2013) (finding 30.8 hours for fees motion and 23.3 hours for reply brief to be excessive in light of counsel's extensive experience, and reducing fees by 50%).  Accordingly, the Court finds it appropriate to reduce Ms. Moore's time by 7.95 hours, Ms. Law's time by 7.15, and Mr. Medrano's time by 0.2 hours, for a total of 25 hours spent on both the opening and reply briefs in support of the fees motion.

Defense counsel makes additional objections to specific billing entries in his declaration in support of defendants' opposition, but that declaration consists largely of legal arguments not raised in defendants' opposition brief.  *See* Civ. L.R. 7-5(b) ("An affidavit or declaration[] may contain only facts . . . and must avoid conclusions and argument. . . .  An affidavit or declaration not in compliance with this rule may be stricken in whole or in part.").  Accordingly, the Court will not consider those additional objections here.

8

### b. Protracted litigation

Defendants argue that this case could have been resolved sooner if Mr. Rivera had conceded that adding a ramp or lift system to the stairs was not readily achievable and had instead suggested an alternative method of access using a buzzer/intercom coupled with curbside service. Dkt. No. 60 at 6–7. They contend that Mr. Rivera's fee award should not exceed $11,734.63, which is the amount of fees incurred as of the date of the parties' mediation session. *Id.* at 7; Dkt. No. 60-1 ¶ 18.

A court may reduce a fee award where a party unreasonably prolonged a lawsuit. *Jankey*, 537 F.3d at 1132. In reviewing whether such conduct occurred, the Court has the "discretion to consider all kinds of non-required conduct in deciding whether litigants have protracted litigation." *Id.*

The Court finds defendants' argument unpersuasive. First, defendants say that Mr. Rivera's insistence on a ramp solution—which the parties ultimately agreed was not readily achievable—prevented the parties from settling. This position is inconsistent with defendants' own expert report recommending installation of a ramp. Dkt. No. 61-2 at 7, 15–21. In view of that report, Mr. Rivera's focus on pursuing remediation of the inaccessible stairs by installation of a ramp was not unreasonable. Nor was it unreasonable for Mr. Rivera to alter his theory of liability based on information revealed during the discovery process. That Mr. Rivera ultimately conceded that a ramp was not readily achievable and instead pursued a theory of liability based on lack of adequate alternative methods of access cannot be considered an undue prolonging of litigation.

Second, defendants make much of the fact that Mr. Rivera did not raise the buzzer/intercom alternative method of access until October 28, 2019. But nothing prevented defendants from raising that solution themselves. Even after Mr. Rivera suggested a buzzer/intercom system, defendants did not agree to resolve the action by adopting that solution. Instead, defendants opted to fully brief summary judgment and then permanently close the coffeehouse shortly before the summary judgment hearing. Dkt. No. 53 at 3–4.

Mr. Rivera made multiple settlement overtures over the course of this action, and

9

1   defendants did not accept any offers. Dkt. No. 57-1 ¶¶ 28-29, 39, 41; *see also* Dkt. No. 60-1, Ex.
2   A. Defendants may now regret that course of action, but that is not a sufficient basis for finding
3   that Mr. Rivera purposefully prolonged litigation in a manner that justifies a reduction in fees.

### 3.    Partial success

A prevailing party's success or failure may justify an adjustment of the lodestar. *PLCM Grp.*, 22 Cal. 4th at 1096; *see also Chavez v. City of Los Angeles*, 47 Cal. 4th 970, 989 (2010) (stating that "a reduced fee award is appropriate when a claimant achieves only limited success") (internal quotation marks omitted); *Barrette v. Costco Wholesale Corp.*, No. B202606, 2009 WL 1019492, at *4 (Cal. Ct. App. Apr. 16, 2009) ("[T]he most critical factor is the degree of success obtained.") (quoting *Harman v. City and Cty. of San Francisco*, 136 Cal. App. 4th 1279, 1312 (2006)) (internal quotation marks and citation omitted); *Thorne v. City of El Segundo*, 802 F.2d 1131, 1141 (9th Cir. 1986) (describing two-step analysis for adjusting fees based on partial success under *Hensley*). Defendants argue that any fees awarded should be discounted because Mr. Rivera did not prevail on his ADA claim and only prevailed on one of his two theories of liability under the Unruh Act. Dkt. No. 60 at 1–2, 4–6.

With respect to the ADA claim, defendants are correct that Mr. Rivera did not prevail; however, Mr. Rivera did not prevail only because defendants chose to permanently close the coffeehouse on the eve of the hearing on Mr. Rivera's summary judgment motion—well after briefing was complete—thereby mooting the claim. Dkt. No. 53 at 3, 4–6. Thus, the ADA claim was unsuccessful not based on the merits, but rather because defendants made a tactical decision that rendered the remedy that statute provides irrelevant and unnecessary. Moreover, Mr. Rivera's successful Unruh Act claim was predicated solely on a violation of the ADA. *Id.* at 7.

The practical effect of Mr. Rivera's lack of success on his ADA claim is a corresponding lack of injunctive relief. Mr. Rivera argues that the Court should award all the fees he incurred because this action vindicated an important civil right. Dkt. No. 57 at 20, 21. Mr. Rivera is correct that the Unruh Act protects important civil rights, but the results in this action were limited. Mr. Rivera obtained an award of statutory damages based on the existence of one barrier to access for people with disabilities. This result may encourage other businesses to ensure that

their public accommodations comply with federal and state disability access requirements, but this action did not result in any lasting public benefit with respect to the coffeehouse at issue, which is now permanently closed. While this factor may warrant a reduction in fees in some circumstances, the Court declines to adjust the lodestar fees amount on this basis here.

With respect to the Unruh Act claim, Mr. Rivera moved for summary judgment based on two theories of liability: the lack of an adequate alternative method of access, and the lack of van-accessible parking. Dkt. No. 53 at 3 ("The parties agree that all of the barriers identified have since been remediated or otherwise addressed, leaving two issues in dispute: (1) the inaccessibility of the path of travel into the Coffeehouse and whether an alternative method of access exists, and (2) the lack of van-accessible parking."). Defendants correctly observe that Mr. Rivera prevailed on the former theory, but not the latter. *Id.* at 7–8 (noting that Mr. Rivera did not attempt to park at the coffeehouse and thus did not personally encounter any barriers to access with respect to parking that would qualify him for damages under the Unruh Act). Some reduction in fees is appropriate to account for Mr. Rivera's partial success on this claim. *See, e.g.*, *Rodriguez*, 53 F. Supp. 3d at 1290–91 (reducing fee award where plaintiff succeeded on some theories of liability but not on others); *Johnson v. AutoZone, Inc.*, No. 17-cv-02941-PJH, 2019 WL 2288111, at *4–5 (N.D. Cal. May 29, 2019) (reducing amount of fees based on abandoned theory concerning number of accessible parking spaces); *Hernandez v. Polanco Enters., Inc.*, No. 11-cv-02247-YGR, 2016 WL 1461946, at *7 (N.D. Cal. Apr. 14, 2016) (discounting fees award because plaintiff prevailed on only one barrier out of the 40 alleged).

Here, the billing statement Mr. Rivera submitted is not detailed in a way that would allow the Court to identify and isolate counsel's efforts with respect to the unsuccessful theory of liability relating to the parking barrier. Bearing in mind that the purpose of adjusting the fees award is to arrive at a reasonable figure which encourages litigation of meritorious claims while discouraging litigation of claims of low merit, *Weeks v. Baker & McKenzie*, 63 Cal. App. 4th 1128, 1171–72 (1998), the Court finds a 10% reduction to the overall lodestar appropriate to account for Mr. Rivera's partial success. *See Rodriguez*, 53 F. Supp. 3d at 1290–91 (applying a 20% reduction); *Polanco Enters.*, 2016 WL 1461946, at *7 (applying 10% discount where billing

11

entries did not permit straightforward segregation of hours on a per-barrier basis); *see also Barrette*, 2009 WL 1019492, at *4 (affirming 50% discount); *AutoZone*, 2019 WL 2288111, at *4–5 (applying 40% discount).

#### 4. Final adjusted lodestar amount

Multiplying the reasonable hourly rates and the hours reasonably expended, yields an adjusted lodestar amount of $68,650.88 as reflected in the following table:

| Attorney/Paralegal | Hours Claimed | Hours Reduced | Total Hours | Reasonable Rate | Fees Per Attorney/Paralegal |
|---|---|---|---|---|---|
| Tanya Moore | 150.4 | 7.95 | 142.45 | $475/hour | $67,663.75 |
| Zachary Best | 1.0 | 0.0 | 1.0 | $495/hour | $495.00 |
| Marejka Sacks | 6.0 | 0.0 | 6.0 | $175/hour | $1,050.00 |
| Isaac Medrano | 4.9 | 0.2 | 4.7 | $175/hour | $822.50 |
| Whitney Law | 47.2 | 7.15 | 40.05 | $150/hour | $6,007.50 |
| David Guthrie | 2.0 | 0.0 | 2.0 | $120/hour | $240.00 |
| TOTAL | 211.5 | 15.3 | 196.2 | | $76,278.75 * 90% = **$68,650.88** |

### B. Litigation Costs

Mr. Rivera also seeks $400 in filing fees, $479.64 in service fees, $6,290 for inspections, $4,041.05 for transcripts, $1,500 in expert fees, and $30 in Court Call expenses, for a total of $12,740.69. Defendants object to fees related to expert discovery. Dkt. No. 60 at 8–9.

Because Mr. Rivera prevailed only as to his Unruh Act claim and not his ADA claim, his request for litigation costs can only proceed under the Unruh Act. The Unruh Act does not provide for out-of-pocket litigation expenses. *Rodriguez*, 53 F. Supp. 3d. at 1294. Mr. Rivera offers no rationale for how or why the Court should award litigation expenses pursuant to the Unruh Act, as his motion solely argues for these expenses under the ADA and California Code of Civil Procedure § 1032. Dkt. No. 57 at 22. Mr. Rivera has therefore not met his obligation to "satisfactorily explain" why he is entitled to litigation costs in the instant case. *Baird Lands*, 2020 WL 3833278, at *9; *Kalani*, 2016 WL 379623, at *10; *see also Cala Stevens Creek*, 2020 WL 2556989, at *11.

Nevertheless, although Mr. Rivera does not rely on 28 U.S.C. § 1920, that statute enumerates taxable costs and "lists such items as clerk fees, court reporter fees, expenses for printing and witnesses, expenses for exemplification and copies, docket fees, and compensation of court-appointed experts." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012). Mr. Rivera's filing fees and costs of service are compensable under § 1920. *Cala Stevens Creek*, 2020 WL 2556989, at *11. However, Mr. Rivera may not recover inspection costs, expert fees, or Court Call expenses. *Id.*; *Hey Now Props.*, 2019 WL 5867533, at *4 ("Plaintiff cannot recover as costs any of his litigation expenses for investigation and expert fees because they fall outside the purview of section 1920.") (citing *United Steelworkers*, 896 F.2d at 407); *Synapsis, LLC v. Evergreen Data Sys., Inc.*, No. C 05-01524 JF (RS), 2007 WL 2501614, at *1 (N.D. Cal. Aug. 30, 2007) ("Neither Civ. L.R. 54-3 nor 28 U.S.C. § 1920 provides a basis for many of the costs claimed by [plaintiff], such as travel expenses or fees for the use of the court-call system.").

Accordingly, the Court grants $400 in filing fees, $479.64 in service fees, and $4,041.05 for transcripts, for a total of $4,920.69 in costs. The Court does not reduce the amount of costs awarded based on Mr. Rivera's partial success, because the costs awarded would have been incurred in any event. The remaining costs are denied.

## IV. CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Mr. Rivera's motion for attorney's fees and costs. The Court awards Mr. Rivera $68,650.88 in attorney's fees and $4,920.69 in litigation costs, for a total of $73,571.57.

**IT IS SO ORDERED.**

Dated: August 13, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge